## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT APPLICATIONS

## INTRODUCTION

I, Kelly D. Bender, Special Agent, Federal Bureau of Investigation, (FBI), Washington Field Office, being duly sworn, make the following statement based upon information obtained by me and other law enforcement officials.

1. I have been employed by the FBI for approximately nine years. I am currently assigned to the Washington Metropolitan Field Office, Northern Virginia Resident Agency, Falls Church, Virginia, on the Financial Institution Fraud squad. My duties include, but are not limited to, the investigation of alleged violations of Federal criminal statutes which involve financial institutions and the preparation, presentation and service of criminal complaints, arrests and search warrants.

2. I submit this affidavit in support of an application for seizure warrants for:

   1. One 1995 Green BMW 740, VIN WBAGF6327SDH01742, registered in the name of Staven S. Newton, located at xxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia;

   2. One 2002 Black Mercedes S430, VIN WDBNG70J42A245303, registered in the name of Staven S. Newton, located at xxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia;

   3. One 2004 Suzuki Hayabusa, VIN JS1GW71A242100926, registered in the name of Staven S. Newton, located at xxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia; and

   4. 2.01 Carat Round Brilliant Diamond Engagement Ring set in Platinum, located at xxxxxxxxxxxxxxxxxxxxxx. Woodbridge, Virginia.

3. Affiant is familiar with the facts and circumstances of this investigation. All relevant events described herein occurred in either the District of Columbia, or the Eastern District of Virginia. The information contained in this affidavit is based upon my personal knowledge,

knowledge obtained during my participation in this investigation, knowledge obtained from other individuals including review of documents related to this investigation, communications with others who have personal knowledge of the events, and circumstances described herein, and information gained through my training and experience. Since this affidavit is being submitted for the limited purpose of supporting seizure warrants I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause that the named items are subject to seizure within the provisions of the applicable federal statutes.

## INVESTIGATION

4.      On October 13, 2005, the FBI executed a search warrant issued on October 12, 2005, in the United States District Court for the Eastern District of Virginia, by United States Magistrate Judge Liam O'Grady. The warrant was directed at xxxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia, the residence of Anna M. Anderson (hereinafter "Anderson") and Staven S. Newton (hereinafter "Newton"). During the course of the search, the affiant located documents which indicated Newton and Anderson had acquired a number of valuable assets such as vehicles, artwork, and jewelry, during the period of time Anderson had perpetrated a fraudulent scheme.

5.      The search warrant was obtained based on an investigation that Anderson had perpetrated a scheme to defraud her employer, Global USA, Inc. (hereinafter "Global") in Washington, D. C., through the use of wire fraud in violation of Title 18, United States Code § 1343.

6.      In or about August of 2004, Anderson was hired as the bookkeeper for Global USA, Inc., in Washington, D.C., earning a salary of approximately $41,500.00. Anderson's duties included paying payroll, paying creditors, making deposits, performing on-line banking, and reconciling

the company's bank account. Anderson acknowledged that she occasionally worked from home. Global is a private organization involved in the lobbying business.

7.      On or about August 25, 2005, Global began an audit of its financial records because of some perceived financial irregularities. The audit revealed that between August 19, 2004, and August 23, 2005, sixty-eight Automated Clearing House wire transfers totaling approximately $893,913.29 had been made from Global's SunTrust Bank account number xxxxx8515, in Washington, D.C., to Anderson's Navy Federal Credit Union (hereinafter: "NFCU") account number xxxxxx3050, in Vienna, Virginia. These transfers were not authorized by Global. A review of records from Anderson's NFCU account, number xxxxxx3050, revealed sixty-eight (68) deposits into that account from Global's SunTrust Bank account, number xxxxx8515, which were other than Anderson's normal payroll deposits. The deposits, which totaled $893,913.29, were deposited between August 19, 2004, and August 23, 2005. The NFCU account never went to a zero balance between August 2004 and August 2005.

8.      On or about September 1, 2005, in an interview with a private investigator employed by Global, Anderson acknowledged wrongfully taking between $500,000.00 to $600,000.00 from Global. Anderson estimated that she had spent the money over approximately a one-year time frame in the following manner: $40,000.00 on travel; $20,000.00 on clothes; $10,000.00 on purses; $10,000.00 on a Christmas Party; $30,000.00 on decorations; $20,000.00 on down payments on cars; $5,000.00 on a sprinkler system; $6,000.00 on a gutter system; $9,000.00 on landscaping; $10,000.00 on a deck; $15,000.00 on general bills; $50,000.00 on past due bills and collections; $80,000.00 on jewelry; $18,000.00 on divorce proceedings; $22,000.00 on daycare; $130,000.00 on an upcoming wedding; $30,000.00 on an engagement party; $6,000.00 on a play

set; $30,000.00 on furniture for her home; and $8,000.00 on an intercom system for her home. Anderson further stated that she used monies taken from Global to pay her credit card debt.

9. Anderson acknowledged to the private investigator that she deposited the embezzled money directly into her private bank account, and that any money deposited into her bank account above her normal salary of approximately $41,500.00 would be money she had taken from Global.

10. Anderson acknowledged to the private investigator that she had deposited three personnel checks from her NFCU account number xxxxxx3050 into Global's SunTrust Bank account number xxxxx8515 to cover payroll. Anderson stated the purpose of the transfer was to put more money into the account so that checks would not bounce. A review of Anderson's NFCU account showed that three checks were deposited into the Global's SunTrust Account. The three checks are described as the following: (1) dated July 5, 2005, made payable to Global for $60,000.00; (2) dated July 11, 2005, made payable to Global for $90,500.00; and (3) dated July 28, 2005, made payable to Global for $90,500.00. But due to insufficient funds in Anderson's account, these checks were not honored.

11. A review of Anderson's criminal record revealed a previous felony conviction for embezzlement, dated October 30, 2003, in Prince William County, Virginia. Anderson is currently on probation for that offense. In that matter, Anderson wrongfully took about $40,000.00 from Interstate Hotels and Resorts, Inc. She did so by generating checks from Interstate Hotel and Resorts, Inc., to Dale City Sports Club, then generating checks from the Sports Club to herself, and then depositing some of the checks into her Credit Union account. Anderson was an employee of both companies and treasurer of the Sports Club, which was a

non-profit organization. Anderson did not have the authority to generate such checks.

12. On October 13, 2005, an FBI Special Agent interviewed Staven Newton, Anderson's fiancee. Newton advised that Anderson had opened an account for him at NFCU, account number xxxxxx0006, approximately six months ago. Newton acknowledged that all money put in his account had been placed there by Anderson. Newton advised that he is unemployed and was last employed as a truck driver for Waste Management in June 2005. An employment check with officials at Waste Management Corporation determined that Newton's employment was terminated on January 15, 2005.

13. A review of Anderson's NFCU account number xxxxxx3050 revealed ninety-nine (99) transfers of funds to Newton's NFCU account number xxxxxx0006. The total amount transferred for the period August 19, 2004, through August 23, 2005 was $163,980.00.

<u>2002 Mercedes Benz, S430, VIN WDBNG70J42A245303</u>

14. During the October 2005 search of xxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia, a sales receipt was located for a 2002 Mercedes vehicle purchased from Best Auto Sales. When interviewed by FBI Special Agents, Vanessa Umancor of Best Auto Sales advised that on June 29, 2005, Newton purchased a 2002 Mercedes Benz S430, Vehicle Identification Number (VIN) WDBNG70J42A245303, for $40,466.61. Umancor advised that Newton purchased the Mercedes with a NFCU cashier's check number xxxxx6277, dated June 29, 2005, made payable for $40,466.61.

15. A review of Anderson's NFCU Bank Account reveals that $40,000.00 and $800.00 were transferred to a sharecheck account on June 29, 2005.

### 2004 Suzuki Hayabusa bearing VIN JS1GW71A242100926

16. When interviewed by FBI Special Agents on October 13, 2005, Staven Newton advised that in March or April 2005 he purchased a Suzuki Hayabusa motorcycle for $10,000.00 from a motorcycle shop called Street Dreams. Newton said he used money from Anderson's NFCU account to make the payments on the bike.

17. The affiant interviewed James Bedford, owner of Street Dreams. Mr. Bedford told the affiant that he sold Staven Newton a Suzuki Hayabusa motorcycle in approximately May 2005, for $18,000.00. Bedford said that Newton purchased additional accessories for motorcycle which cost approximately $7,000.00 for a total approximate cost of $25,000.00. Mr. Bedford indicated that Anna Anderson paid for the motorcycle in increments using approximately three personal checks from her NFCU account.

18. A review of a Certificate of Title found during the search at xxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia, revealed a 2004 Suzuki Motorcycle bearing VIN JS1GW71A24210096, registered to Staven Newton, with a purchase date of May 7, 2005.

### 1995 BMW 740 VIN WBAGF6327SDH01742

19. During the October 13, 2005 search of xxxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia, investigators found a receipt for the purchase of a 1995 BMW from The Car Store, xxxxxxxxxxxxxxxxxxxxx, Triangle, Virginia. When interviewed by the affiant, Ilham Kahn of The Car Store informed the affiant that on September 17, 2004, Newton purchased a 1995 BMW 740 from The Car Store. Newton paid a $4,000.00 cash down payment, and has made payments totaling $10,800.00 via debit cards payments, cashier checks, checks, and cash payments. Newton made ten debit card payments, of $400.00 each, between February 28, 2005 and August

8, 2005. Each payment was drawn on Newton's NFCU account number xxxxxx0006.

20. A review of Anderson's NFCU account number xxxxxx3050, revealed a check number 1304, written on September 17, 2004, in the amount $4,000.00 for payment of the car, shortly after Anderson began depositing unauthorized checks into the NCFU account.

<u>2.01 Carat Round Brilliant Diamond Engagement Ring set in Platinum</u>

21. During the search on October 13, 2005, at xxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia, a number of receipts were located indicating numerous jewelry purchases. Records reflect that on or about February 11, 2005, Anderson purchased a 2.01 carat diamond from Jewelry By Design, located in Woodbridge, Virginia, for $20,868.75. Anderson paid for the diamond with a $20,000 check and charged the remaining $868.75. A review of bank statements for Newton's NFCU account number xxxxxx0006 reflect a $20,000.00 withdrawal on January 12, 2005. Additionally, a review of bank statements for Anderson's NFCU account number xxxxxx3050, reflects a Debit in the amount $868.75 on January 14, 2005. The mounting for the diamond was purchased from Jared Jewelers, in Vienna, Virginia, on or about January 9, 2005 for $6,772.99. The mounting was paid for with three separate payments drawn on Anderson's NFCU account number xxxxxx3050 on the following dates: (1) a $2,000.00 debit to Jared Jewelers on January 10, 2005; and (2) a $2,386.00 debit to Jared Jewelers on January 11, 2005. A review of NFCU account number xxxxxx0006 (Staven Newton's account) revealed a debit to Jared Jewelers on January 11, 2005 in the amount $2,386.99. The diamond and the mount are now combined into one unit.

22. During the interview conducted by the Global private investigator on or about September 1, 2005, Anderson acknowledged both the embezzlement of funds, and indicated she spent

approximately $80,000.00 on the purchase of jewelry items. Anderson's legitimate income from Global was listed as approximately $41,500.00 per year. The 2.01 carat diamond engagement ring (including the stone and the mounting) had an appraised value of $33,296.55.

23. On October 13, 2005, in conjunction with the search conducted at xxxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia, Anna Anderson was arrested. As she was leaving the house, she instructed Newton to take all of the jewelry except the wedding ring to the pawn shop to get some money.

24. Recent investigation discloses that two of the four vehicles, the Mercedes-Benz and the BMW, have been seen parked outside of Anderson's residential address: xxxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia within the last three weeks and that the BMW has been seen parked outside that same address within the last six days.

**CONCLUSION**

25. Based on information provided herein, there is probable cause to believe that the: (1) 1995 Green BMW bearing VIN WBAGF6327SDH01742, purchased on September 17, 2004 from The Car Store in Triangle, Virginia; (2) the 2002 Black Mercedes S430 bearing VIN WDBNG70J42A245303, purchased from Best Auto Select in Arlington, Virginia, on June 29, 2005; (3) the 2004 Suzuki Hayabusa bearing VIN JS1GW71A242100926, purchased from Street Dreams in Woodbridge, Virginia on or about May 7, 2005; and (4) the 2.01 carat diamond engagement ring and mounting purchased on both January 9 and February 11, 2005, are proceeds directly traceable to the fraudulent scheme perpetrated by Anna Anderson.

26. During the period from August 19, 2004, through August 12, 2005, Anderson embezzled approximately $893,913.19 in funds from her employer, U.S. Global, Inc., in Washington, D.C.

As highlighted above, Anderson embezzled the money via wire transfers from U.S. Global's SunTrust Bank account number xxxxx8515, to Anderson's NFCU account number xxxxxx3050, in Vienna, Virginia, in violation of Title 18, U.S.C., § 1343 (wire fraud).  As further described above, Anderson used the proceeds of this fraudulent scheme to support a lifestyle that was vastly beyond her legitimate means.  As such, the above-described vehicles and jewelry are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as proceeds traceable to a violation of 18 U.S.C. § 1343.

27.  In addition, Anderson, and by extension, Newton's purchases of the vehicles and the jewelry constitute money laundering in that each of the purchases involved a financial transaction, as that term is defined by 18 U.S.C. § 1956(c)(4), with the intent to conceal or disguise the nature, location, source, ownership and/or control of the proceeds of a specified unlawful activity; to wit:  18 U.S.C. § 1343 (wire fraud).  As such, the vehicles and the 2.01 carat diamond engagement ring, described above, are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

28.  In addition, the above listed vehicles and the 2.01 carat diamond ring are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because they constitute or are traceable to property involved in money laundering transactions in violation of 18 U.S.C. § 1956(c)(7).

29.  Also, I am advised that, pursuant to Title 18, U.S. C. § 981(b)(3), "a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under Section 1355(b) of Title 28, and may be executed in any district in which the property is found . . ."  Inasmuch as the property subject to forfeiture

is presently located in Woodbridge, Virginia, and the fraudulent activities took place in part in the District of Columbia, this Court may issue, and caused to be served, the requested seizure warrant.

Therefore, I request the issuance of a seizure warrant for the following:

1. One 1995 Green BMW 740, VIN WBAGF6327SDH01742, registered in the name of Staven S. Newton, located at xxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia;

2. One 2002 Black Mercedes S430, VIN WDBNG70J42A245303, registered in the name of Staven S. Newton, located at xxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia;

3. One 2004 Suzuki Hayabusa, VIN JS1GW71A242100926, registered in the name of Staven S. Newton, located at xxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia; and

4. 2.01 carat Round Brilliant Diamond Engagement Ring set in Platinum, located at xxxxxxxxxxxxxxxxxxxxxx, Woodbridge, Virginia.

_____
Kelly D. Bender
Special Agent
Federal Bureau of investigation

SUBSCRIBED AND SWORN TO BEFORE ME THIS\_\_\_\_\_DAY OF NOVEMBER, 2005.

_____
United States Magistrate Judge